# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. SA--09-CV-895-XR |
| § | |
| JOHN COCKERHAM, et al., § | |
| § | |
| *Defendants*. § | |
| § | |

## ORDER

Before this Court is Defendants Saud Altawash and Palm Springs General Trading and Contracting Establishment's Motion for Extension of Time to Designate Expert and File Pretrial Motions, or alternatively, Motion to Continue Trial (docket no. 83). For the following reasons, the motion is granted as to the extension of the pretrial motions deadline and denied as to the expert deadline and continuance of the trial setting.

Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure provides that, "for good cause," a court may extend a deadline before the original deadline—or its extension—expires. Fed. R. Civ. P. 6(b)(1)(A). However, once the deadline has passed, a court may only extend the deadline on motion of one of the parties if the party "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Thus, a party seeking an extension of a deadline after the deadline has passed must show both good cause and excusable neglect. *Id.* Excusable neglect is an equitable concept that must take into account all relevant circumstances of the movant's failure to act within the required timeframe. *Mattress Giant Corp. v. Motor Adver. & Design, Inc.*, 2008 WL

1

898772, at *2 (N.D. Tex. Mar. 31, 2008). There are four non-exclusive factors courts weigh in determining whether a movant has shown excusable neglect: (1) the danger of prejudice to the other party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x 442, 443–44 (5th Cir. 2010) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–98 (1990)).

The Court's August 31, 2015, Scheduling Order set forth May 31, 2016, as the deadline for Defendants to identify their experts and exchange expert reports. Docket no. 51 at 3. The day of the deadline, the parties moved for a joint extension of the expert deadline to June 30, 2016, which the Court granted. Docket no. 81 at 1. Then on July 12, 2016,—nearly two weeks after the extended deadline—Defendants filed their motion to extend the expert deadline once again and to extend the pretrial motions deadline. Docket no. 83. In their motion, they state that the expert they initially retained has a conflict, as he is technically a federal government employee. *Id.* at 3. The Department of Justice would not grant the expert a waiver to testify; thus, the Defendants state that they require time to locate a new expert. *Id.* at 4. Additionally, Defendants move for an extension of the pretrial motions deadline to October 15, 2016, since the Court has already extended the discovery deadline. *Id.* at 5.

Since the Court's deadline to identify and exchange expert reports passed on June 30, 2016, Defendants must show both good cause and excusable neglect in order to receive an

extension. *See* Fed. R. Civ. P. 6(b)(1)(B). Two of the excusable neglect factors considered by courts in the Fifth Circuit warrant denial of Defendants' motion: length of delay and its potential impact on judicial proceedings and the reason for the delay, including whether it was within the reasonable control of the movant. Defendants offer no explanation as to why they did not move for an extension of the deadline prior to June 30, 2016. Additionally, Defendants could have investigated the background of their expert and his other employment prior to this deadline and no explanation is given for their failure to do so. Furthermore, this case has been pending before this Court for nearly seven years. The Court has already granted previous motions for extension of time. Defendants have had seven years to secure an expert. Another extension will only serve to further delay disposition of this case.

     As a result, Defendants' motion is DENIED as to the extension of the discovery deadline and continuance of trial and GRANTED as to the extension of the dispositive motions deadline. Dispositive motions are due October 15, 2016.

     It is so ORDERED.

     SIGNED this 28th day of July, 2016.

                                        XAVIER RODRIGUEZ
                                        UNITED STATES DISTRICT JUDGE